Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road
Suite 130
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

James P. Segall-Gutierrez, Esq. (SBN 240439)
**LAW OFFICES OF JAMES P. SEGALL-GUTIERREZ**
6709 Greenleaf Avenue, Suite 202
Whittier, California 90601
(562) 321-5950
(562) 907-3791 – FAX

Attorneys for Plaintiff J.C., by and through her guardian ad litem, Jose Corrales

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

J.C., by and through her guardian ad litem, JOSE CORRALES,

Plaintiffs,

vs.

COUNTY OF LOS ANGELES; AVA ROBLES; HECTOR SAAVEDRA SOTO; and DOES 1 through 10, inclusive,

Defendants.

Case No.

**COMPLAINT FOR DAMAGES FOR:**

1. Violation Of 42 U.S.C. § 1983; Fourth Amendment Rights – Excessive / Unreasonable Force;
2. Violation Of 42 U.S.C. § 1983; Violation Of Fourth Amendment Rights - Unlawful / Unreasonable Seizure Of Person;
3. Violation of 42 U.S.C. § 1983; Violation of Fourth and Fourteenth Amendment Rights – Malicious Prosecution;
4. Violation Of 42 U.S.C. § 1983; Failure To Property Train / Hire / Fire / Discipline;

5. Violation Of 42 U.S.C. § 1983; *Monell* Liability – Custom, Practice or Policy.

**JURY TRIAL DEMANDES**

**COMES NOW** Plaintiff J.C., by and through her guardian ad litem, JOSE CORRALES, and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff J.C. is a natural person, who, at all times complained of in this action resided in the County of Los Angeles, State of California. Plaintiff J.C. is a minor.

4. JOSE CORRALES is also the natural and legal father of J.C. JOSE CORRALES appears as guardian ad litem for his minor daughter, J.C.

5. Defendant COUNTY OF LOS ANGELES hereinafter also referred to as "COUNTY" is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

6. Defendant Ava Robles, hereinafter also referred to as "ROBLES", is, and at all

times complained of herein, was, a peace officer employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with Defendant COUNTY.

7. Defendant Hector Saavedra-Soto, hereinafter also referred to as "SAAVEDRA-SOTO", is, and at all times complained of herein, was, a peace officer employed by the Los Angeles County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant COUNTY.

8. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Los Angeles County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as

sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Los Angeles County Sheriff's Department and/or defendant County of Los Angeles, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Los Angeles County Sheriff's Department for, *inter alia,*: 1) using excessive force; 2) for unlawfully seizing persons; and 3) for covering up the tortious conduct of Los Angeles County Sheriff's Department deputies.

11. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority

as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Los Angeles County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

12. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Los Angeles County Sheriff's Department and/or otherwise with defendant COUNTY.

13. In addition to the above and foregoing, defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

14. Defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

15. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive)**

16. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

17. On September 10, 2017, J.C. was a passenger in a vehicle which was stopped by Defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive.

18. The vehicle was stopped even though no public offense had been committed.

19. Defendant ROBLES approached the passenger side of the vehicle and Defendant SAAVEDRA-SOTO approached the driver's side.

20. DEFENDANTS ROBLES and SAAVEDRA-SOTO were asking J.C. and the driver "how old are you;" "where are you headed;" and "where are you coming from?" SAAVEDRA-SOTO then ordered the driver out of the vehicle and placed the driver in the back of the patrol vehicle.

21. J.C. began asking ROBLES why the driver was placed in the patrol vehicle. ROBLES became frustrated and said, "This can either go good, or real bad."

22. ROBLES asked J.C. how old she was. J.C. told ROBLES that she was sixteen years old – which was true. ROBLES became upset and said, "No you're not!"

23. ROBLES then ordered J.C. out of the vehicle. ROBLES went to open the door but it was locked. This seemed to frustrate ROBLES even more. J.C. unlocked the door and exited the vehicle.

24. ROBLES put J.C. up against the car and violently pulled on J.C.'s arms to place them behind her back. ROBLES then began yelling, "stop resisting" to which J.C. cried out that she's not resisting.

25. J.C. was not resisting.

26. ROBLES then brutally slammed J.C. on to the ground. ROBLES got on top of J.C. and began digging her knees into J.C.'s back and pulled on her arms.

27. SAAVEDRA-SOTO ran over and forced J.C.'s face into the hot asphalt with his knee.

28. J.C. began crying out in pain, but the deputies continued to torture her while telling her to "stop resisting."

29. J.C. was in excruciating pain, from the treatment of the Defendants and from the asphalt which was extremely hot.

30. Additional deputies arrived who, along with ROBLES and SAAVEDRA-SOTO, placed J.C. in a hogtie.

31. J.C. never resisted arrest, nor did she assault any of the deputies, nor did

she do anything to make any of the deputies believe that she was about to become combative. J.C. merely cried out in pain from the deputies' brutal treatment.

32. The deputies then stood J.C. up. ROBLES slammed J.C.'s head on to the hood of patrol vehicle. ROBLES began searching J.C.

33. ROBLES said that J.C. was being treated this way because J.C. was acting "smart."

34. J.C. was placed in the back of a patrol vehicle and taken to U.S.C. Medical Center hospital.

35. J.C. was released from the hospital and then booked at the Los Angeles County Jail where she was interrogated for hours.

36. After spending hours at the jail, J.C. was released to her parents and given a citation / notice to appear for an alleged violation of Penal Code sec. 69.

37. ROBLES and SAAVEDRA-SOTO maliciously requested the prosecution of J.C. for bogus charges of Penal Code sec. 69.

38. A criminal action was then filed against J.C. for allegedly violating Penal Code sec. 69.

39. The charges against J.C. were ultimately dismissed.

40. As a direct and proximate result of the actions of defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, as complained of herein, J.C.: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental

and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

41. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of J.C.'s constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive)**

42. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41, inclusive, above, as if set forth in full herein.

43. As complained of herein above, none of the defendants to this action had a warrant for J.C.'s arrest, nor probable cause to believe that J.C. had committed a crime, nor reasonable suspicion that J.C. was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by J.C.

44. Accordingly, the seizure of J.C. by Defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, by the use of unreasonable force, constituted an

unlawful and unreasonable seizure of J.C., in violation of her right to be free from unreasonable force under the Fourth Amendment to the United States Constitution.

45. As a direct and proximate result of the actions of defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, as complained of herein, J.C.: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

46. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of J.C.'s constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

## THIRD CAUSE OF ACTION
## MALICIOUS PROSECUTION
## VIOLATION OF 42 U.S.C. § 1983
## Violation Of Fourth And Fourteenth Amendment Right
## (Against ROBLES, SAAVEDRA-SOTO, and DOES 1 through 6, inclusive)

47. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46, inclusive, above, as if set forth in full herein.

48. As shown above, ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, falsely arrested plaintiff J.C. on the bogus charge of violation of Cal. Penal Code § 69, something said defendants knew was not true.

49. Also as shown above, ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, knew that plaintiff J.C. had not committed any violations of Cal. Penal Code § 69, or any other law, and, nonetheless, authored bogus police reports and accused plaintiff J.C. of various acts to show that plaintiff had violated Cal. Penal Code § 69.

50. Said police reports authored by ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, also contained material misrepresentations of facts and material omission of facts upon which the Los Angeles County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of the plaintiff J.C.

51. Moreover, said criminal action against J.C. was terminated in her favor, in a manner inconsistent with guilt.

52. Moreover, as shown above, none of said defendant officers had probable cause to believe that J.C. committed a crime.

53. Moreover, said criminal action was procured by said defendants with malice.

54. Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions

of said defendants constituted a violation of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

55. As a direct and proximate result of the actions of defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real and personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

56. The actions of defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against COUNTY)**

57. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 56, inclusive, above, as if set forth in full herein.

58. As complained of herein above, the acts of Defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, deprived J.C. of her rights under the laws of the United States and The United States Constitution.

59. The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted J.C.

60. COUNTY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

61. The failure of COUNTY to provide adequate training, discipline and/or terminate its officers caused the deprivation of J.C.'s rights by Defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive.

62. COUNTY's failure to train, discipline, and/or terminate is closely related to the deprivation of J.C.'s rights as to be the moving force that ultimately caused J.C.'s injuries.

63. As a direct and proximate result of the actions of COUNTY, as complained of herein, J.C.: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

**FIFTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom**
**(Against COUNTY)**

64. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 63 inclusive, above, as if set forth in full herein.

65. As shown above, the actions of Defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

66. At all times complained of herein, Defendants ROBLES, SAAVEDRA-SOTO and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Los Angeles County Sheriff's Department / defendant COUNTY: 1) for using excessive / unreasonable force on persons; 2) for unlawfully seizing (detaining and arresting) persons; 3) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability and were a proximate cause of the very same federal constitutional violations complained of below by the plaintiff in this action.

67. Said actions of said defendants were done by them under the color of state law.

68. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant COUNTY, above-described, said defendants committed said actions complained of above.

69. As a direct and proximate result of the actions of defendant COUNTY, Plaintiff J.C.: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

*/S/ Gregory Peacock*
GREGORY PEACOCK